JAMES A. HILLYER *et al.* V. A. A. BIGLOW *et al.*

ATTACHMENT—*Waiver of Irregularities.* In an action on an account not due, the defendants made a general appearance, and filed a motion to dissolve the attachment, for the reason that the grounds set forth in the affidavit for the attachment were false. This motion was overruled, and the facts necessary to give jurisdiction in such actions thereby established. In the motion to dissolve the attachment, no irregularity in the issue and service of the order of attachment was stated or insisted upon. *Held*, That all questions of irregularity were waived.

*Error from Barton District Court.*

THE nature of the action and the material facts appear in the opinion.

*Hopkins & Hoskinson*, and *W. B. Lowrance*, for plaintiffs in error.

*Willey L. Brown*, for defendants in error.

Opinion by SIMPSON, C.: Biglow Bros. brought an action in the district court of Finney county on the 23d day of June, 1886, on an account against Hillyer & Green and their assignee, Gibson. The action was commenced before the debt

was due, and an attachment was sought under § 230 of the code. On the 28th day of June, an affidavit for attachment was filed, and a *præcipe* for a summons, and on that day a summons was issued, and returned on July 2d, served personally. On the 28th day of June, 1886, an undertaking in attachment was filed and approved by the probate judge of Finney county, and there was also filed with the probate judge an affidavit for an attachment. The clerk of the district court of Finney county issued an order of attachment on the 28th day of June, 1886, and on the same day the probate judge issued an order of attachment in this action. The record shows a service of the order of attachment issued by the probate judge, but it was returned to and filed with the clerk of the district court. On the 21st day of July, 1886, Hillyer & Green and Gibson filed a motion to dissolve the attachment, for the reasons that the allegations in the affidavit are not true; that they have not assigned or disposed of, nor are they about to dispose of their property, or any part thereof, with intent to defraud, hinder or delay their creditors; and that they have not sold, conveyed or otherwise disposed of their property, with the fraudulent intent to cheat or defraud, hinder or delay their creditors in the collection of their debts; and that said deed of assignment to Gibson was and is not fraudulent; that no attachment bond, as required by law, had been filed at the time the order of attachment was issued; that no order of attachment, as required by law, had been issued; that the order granting an attachment was made by the district court of Finney county, and not by the judge thereof, or the probate judge of Finney county. When this motion was heard at chambers by the judge of that judicial district, the plaintiffs below, by agreement of parties, were granted leave to amend their affidavit for attachment so as to show that the judge of the district court was absent from Finney county when said affidavit was made, and it was amended so as to read that—

"Said Hillyer & Green have assigned, removed and disposed of, and are about to dispose of their property, with the intent to hinder, delay and defraud their creditors, and that

Hillyer & Green have sold, conveyed and otherwise disposed of their property, with the fraudulent intent to cheat and defraud their creditors, and hinder and delay them in the collection of their debts."

The judge then overruled the motion to dissolve the attachment, but held that the defendants Hillyer & Green could not be heard on the motion to dissolve the attachment. Gibson appeared by his attorneys, entered a general appearance, and was given leave to join in the motion to dissolve. The defendants filed an answer. On the 14th day of May, 1887, during the regular term of the district court of Finney county, by agreement of parties, J. C. Kitchen, who had become the assignee of Hillyer & Green, was substituted as a party, in place of Gibson. On that day Kitchen filed his motion to dissolve the attachment and set aside the levy made under it. On the 2d day of June, 1887, the plaintiffs below applied for a change of venue, because the then judge had been of counsel in the cause, and the action was sent to Barton county for further proceedings. On the 29th day of November, 1887, the original papers were filed in the Barton county district court. At the February term, 1888, of the Barton county district court the plaintiffs below filed a motion to strike Kitchen's motion to quash the order of attachment and set aside the levy from the files, on the ground that no leave was obtained to file the same. This motion was sustained. Hillyer & Green and Kitchen then filed a motion to dismiss the cause for the reasons that the court had no jurisdiction to render a judgment; the action was commenced on a debt not then due, and no attachment was ever issued or granted in the case; no affidavit was filed that authorized the issue of an order of attachment, and because no application was ever made to the district judge, or to the probate judge for an order granting a writ of attachment, and because no bond for costs was ever filed. This motion was overruled. At the October term, 1888, of the district court, a jury was waived and the cause tried by the court. The defendants below objected to the introduction of any evidence, because the petition does not state

a cause of action. This objection was overruled. The defendants Hillyer & Green then admitted that the account was correct as shown in the petition and exhibits, and that they were indebted as set forth. The plaintiffs below then rested. The defendant Kitchen demurred separately to the evidence, and the plaintiffs asked the court not to render judgment against him, but only to sustain the attachment. Defendants Hillyer & Green demurred separately to the evidence, and this was overruled. Hillyer & Green then offered to read in evidence the file papers, to show that no attachment was ever issued, and for other purposes, and this was objected to, and the objection sustained. Thereupon, on the demand of Hillyer & Green, the trial court made some special findings, as follows:

"The court finds in this case that this action was brought upon a debt not due, and an order of attachment obtained against the property of the defendants Hillyer & Green. And afterward said Hillyer & Green moved to dissolve and discharge the said attachment, which motion was heard at chambers before Hon. J. C. Strang, judge of the sixteenth judicial district, in which said action was originally brought, and that the question of jurisdiction was raised in said motion, and that said motion was overruled, and that this cause was afterward sent to this county and district on change of venue. The court finds that this question of jurisdiction could have been lawfully passed upon by said Strang, judge, at chambers, and that it was so passed upon by him. And the court further finds that the debt is now due, and that the defendants Hillyer & Green are indebted to plaintiffs upon their demand sued on in this action in the sum of $2,227, and that the question, of the legality of the order of attachment and proceedings thereunder have been fully determined by said Judge Strang, and cannot be again raised upon the trial by this court."

Hillyer & Green then filed a motion to dissolve the attachment, and this was overruled. They then filed a motion for a new trial, and this was overruled, and the court rendered a final judgment against Hillyer & Green for the sum of $2,-227.11 and costs, and adjudged and decreed that the attachment be in all things confirmed and sustained, and made an

order for the sale of the attached property, both real and personal, and an application of the proceeds of the sales. To all of the orders and judgment proper exceptions were saved, except that no exceptions were noted to the ruling of the judge made on the 22d day of July, 1886, sustaining the order of attachment. Hillyer & Green bring the case here for review, and strongly insist that various alleged errors should cause a reversal. The errors assigned will be considered in the order stated in the briefs.

I. It is first contended by the attorneys of the plaintiffs in error that the district court of Barton county erred in striking from the files the motion of Kitchen to quash the attachment issued by the probate judge of Finney county. Kitchen, by the agreement of parties, had been made a party, because he had succeeded Gibson as statutory assignee of Hillyer & Green. Gibson had made this same motion when he was assignee, and it was overruled, and such a motion could not be again made and heard without leave of the court. This is familiar practice. The motion of Kitchen was stricken from the files because no such leave had been applied for or granted. There was no error in this ruling.

II. The next four assignments of error are based upon the theory that the order of attachment was absolutely void because issued by the probate judge. The record shows that the clerk of the district court also issued an order of attachment, and both orders of attachment were delivered to the sheriff; but he made his return on the one issued by the probate judge, and this was the only irregularity in the whole proceeding. Hillyer & Green and Kitchen were duly served with process and made a general appearance in the case, and filed a motion to dissolve the attachment, on the ground that all the averments in the affidavit filed for attachment were false. This motion was heard at chambers and overruled, and by this ruling it was established that all the facts necessary to give the court jurisdiction in a case of this kind existed at the time the attachment issued. While such a ruling may not be said to be strictly *res adjudicata,* nevertheless it is uni-

versally held to be the law of the case in which it is made for all the purposes of trial and final determination.    In this motion to dissolve the order of attachment, no complaint or allegation is made that it was irregularly issued and served.    The jurisdictional facts having been established by the ruling of the first motion to dissolve the attachment, and nothing being claimed in that motion as to the irregularity of the issue and service of the order, it was waived.    No exceptions were saved to the ruling of the court on the motion to dissolve, and hence we cannot review that order.    The record showing the existence of the jurisdictional facts in cases of this kind, and showing a general appearance of the defendants in the original action, and showing the overruling of a motion to dissolve the attachment, it seems to us that all the other assignments of error are not controlling, as complete jurisdiction had been obtained by the usual process.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.