JAMES G. FRAZER v. JOHN H. BARRY, *as Sheriff of Atchison County, Kansas.*

No. 104.

RES JUDICATA—*Motion to Discharge Attachment.* The decision of a motion to discharge from an attachment certain property claimed by the maker of the motion under a chattel mortgage executed in his favor by the defendant in the action, on the ground that his lien is prior to that of the attachment, is not conclusive, and the same subject-matter may be investigated in a subsequent action brought by the mortgagee to recover possession of the same property.

MEMORANDUM.—Error from Atchison district court; ROBERT M. EATON, judge. Action in replevin by James G. Frazer against John H. Barry, as sheriff of Atchison county. Judgment for defendant. Plaintiff

3—4 KAN. APP.

brings the case to this court.   Reversed.   The opinion herein, filed July 9, 1896, states the material facts.

*A. F. Martin, W. T. Bland,* and *H. M. Jackson*, for plaintiff in error.

*H. M. Baldwin, J. P. Adams, H. C. Solomon*, and *W. L. Bailey*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: On October 30, 1889, one T. D. Frazer was the owner of a stock of goods of the value of about $1,600, and on that day he executed a mortgage thereon to the plaintiff in error to secure the payment of an alleged indebtedness of $1,640, and at the same time delivered to the mortgagee possession of the mortgaged property.   A few days thereafter R. Douglass & Co. and the B. C. Clark Crockery Company commenced their separate actions against T. D. Frazer to recover upon accounts then due them, and caused writs of attachment to be issued and levied upon this stock of goods, which at the time of the levy were in the possession of the mortgagee.   On November 9, James G. Frazer filed in each of these actions his motion to discharge the attached property, alleging therein his special ownership and right of possession thereto.   T. D. Frazer also filed his motion in each cause to dissolve the attachment, upon the ground that the facts as alleged in the affidavits for attachment were not true.   By an agreement between the attaching creditors, the defendant, and James G. Frazer, a hearing was had on all these motions on November 16, 1889, on the same evidence, all parties being represented at such hearing by counsel.   After hearing the evidence and the arguments of counsel, the

court took the matter under advisement until November 23, at which time all the motions were overruled. The defendant and James G. Frazer duly excepted to the rulings of the court, and immediately filed their separate motions to set aside the said decision of the court on their respective motions and to grant a new trial therein. These motions were in like manner overruled, and exceptions were duly saved to such rulings, and, upon the application of the defendant and James G. Frazer, they were each allowed 30 days in which to make and serve a case for the supreme court. James G. Frazer made no further appearance in those actions or took any further steps to secure a reversal of the order of the court refusing to discharge· the attached property ; but on December 9, 1889, he commenced this action in replevin against the sheriff to recover possession of this stock of goods. The writ of replevin was duly issued to and served by the coroner, and, for want of a redelivery bond, the property in controversy was delivered' to the plaintiff in this action. On October 28, 1890, judgments were rendered in the attachment suits in favor of·the plaintiffs therein against T. D. Frazer for the amount claimed to be due them, and orders were duly entered that the attached property be sold. The replevin action was tried on June 2, 1891, and, under the directions of the court, the jury found that at the commencement of this action the sheriff was entitled to the possession of the property in controversy, and that its value was $1,617. A motion for a new trial was overruled, and judgment entered in favor of the sheriff for $1,575.81, the same being the value of his interest in the property. The plaintiff has brought the case to this court for review.

The real question involved in this proceeding is as

to whether the decision of the court overruling the motion to discharge the attached property was a bar to the subsequent action in replevin for the possession of the same property. The trial court held that the decision on that motion was final and conclusive until reversed upon proper proceedings, and, unless this theory of the law is erroneous, the judgment must be affirmed.

Section 543 of the code reads as follows:

"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed as provided in this article."

James G. Frazer claimed that he was entitled to the possession of the attached property, as against all the world, by virtue of a valid chattel mortgage given to him by T. D. Frazer to secure the payment of an actual indebtedness equal in amount to the value of the mortgaged property; that at the time of the levy he was in the actual peaceable possession of the stock of goods, and was holding the same in good faith, to secure the payment of said indebtedness, and in his motion he recited the above facts and asked that the officer be directed to deliver the property to him. He was not a party to either of the actions then pending against T. D. Frazer, and was in no way interested in the subject-matter of the controversy between the attaching creditors and T. D. Frazer, nor did he question either the regularity or the validity of the attachment proceedings, or the truth of the allegations in the affidavit upon which the writs were issued. It did not concern him whether T. D. Frazer was indebted to the plaintiffs in those actions or whether the attach-

ments should be sustained or discharged. His only interest was in seeing that the property claimed by him under his mortgage was not held for the satisfaction of any judgments which might thereafter be rendered against T. D. Frazer. He elected to litigate in this particular manner the question as to his right to the possession of the property in controversy. Two days were consumed in this hearing. The validity of the chattel mortgage and the priority of the lien created by it over that of the attachments were involved in that inquiry, and must necessarily have been investigated and determined by the court, and, while no formal pleadings were filed by the parties to that proceeding, the question that was actually litigated was as to which of these parties, James G. Frazer or the officer, was entitled to the possession of the property. The court had jurisdiction of the parties and of the subject-matter of the controversy, and the decision was upon the merits. In the opinion of the writer, the order overruling the motion filed by James G. Frazer was one "affecting a substantial right made in a special proceeding," and, until reversed, was as conclusive, with reference to the rights of the respective parties, as would have been a judgment in favor of the defendant, had Frazer sought, in the first instance, to litigate the same question in the more formal action of replevin. (*Hoge v. Norton*, 22 Kan. 374; *Comm'rs of Wilson Co. v. McIntosh*, 30 id. 234; *Gamble v. Pitkin*, 113 U. S. 545.) The majority of the court, however, is of the opinion that the ruling upon the motion to discharge the property from the attachment was a mere interlocutory order, and, under the authority of *Watson v. Jackson*, 24 Kan. 442; *Stapleton v. Orr*, 43 id. 170, and *National Bank v. Barkalow*, 53 id. 68, was not *res judicata* so as to preclude an inquiry upon the merits

sought to be made by the plaintiff in this case. The majority of the court is, therefore, of the opinion that the court below erred in holding that the decision made upon the motion to discharge the attached property was final and conclusive until reversed.

The judgment, therefore, will be reversed, and the cause remanded, with directions to award a new trial.

GILKESON, P. J., and GARVER, J., concurring.

CLARK, J., dissenting.