SAMUEL BISHOP v. J. A. SMITH *et al.*

**No. 13,056.**   ( 72 Pac. 220.)

SYLLABUS BY THE COURT.

RES JUDICATA—*Refusal to Discharge Mortgaged Property from Attachment.* A judgment overruling a motion by a mortgagee to discharge attached property is not *res judicata*, and an action may thereafter be maintained by the mortgagee against the sheriff and his bondsmen for the conversion of the property covered by his mortgage.

Error from Greenwood district court; G. P. AIK-MAN, judge.   Opinion filed April 11, 1903.   Reversed.

*J. N. Haymaker*, for plaintiff in error.

*Atwood & Hooper*, for defendants in error.

The opinion of the court was delivered by

GREENE, J. : This action was brought by the plaintiff in error against J. A. Smith, as sheriff of Greenwood county, and his bondsmen, to recover for the conversion of a certain stock of merchandise on which plaintiff claimed a chattel mortgage and of which he claimed to be in possession when taken by the defendant. A jury was impaneled and both parties introduced their evidence. The court instructed the jury to find for the defendant, and upon such finding rendered judgment.

J. W. Bishop, who was engaged in the mercantile business at Eureka, Kan., became indebted to the First National Bank of Eureka, and also to his father, Samuel Bishop. To secure these liabilities he executed two mortgages on his stock of goods, the first to the bank and the second to Samuel Bishop. It was claimed by the plaintiff that immediately thereafter D. B. Fuller, the lawyer who wrote the mortgages, took

possession of the entire stock for both mortgagees, and thereafter delivered the stock to Samuel Bishop, as the representative of both mortgagees, to be sold by him, and that so much of the proceeds as was necessary to liquidate its claim was deposited in the bank. While Samuel Bishop was in possession, the Bittman-Todd Grocer Company and another commercial firm brought separate actions against J. W. Bishop and Samuel Bishop as partners. Orders of attachment were issued in both cases, under which J. A Smith, as sheriff, levied on, and took from the possession of plaintiff, this stock. While these actions were pending Samuel Bishop, as mortgagee, applied to the court to have the property discharged from the attachment. The motion was overruled.

In the original actions Samuel Bishop defended on the ground that he was not a partner of J. W. Bishop. This issue was decided in favor of Samuel Bishop in both actions, and judgments rendered against plaintiffs in both actions for costs.

In those actions an order was made that the property attached be sold and that so much of the proceeds thereof as necessary should be applied to the payment of the mortgage debt in favor of the bank. After this was done there still remained in the hands of the sheriff about $300. Application was made by the Bittman-Todd Grocer Company, which appears to have been the first attaching creditor, to have this $300 applied on its judgment. This was resisted by Samuel Bishop, but the order was made.

In the present action it was contended by the defendants that the finding and order of the district court in the case of the Bittman-Todd Grocer Company against Samuel Bishop, refusing to discharge the attached property, and the order made applying

the remainder of the proceeds of the sale of said property to the judgment of said company, was a final adjudication against Samuel Bishop as to his interest or right under his chattel mortgage to any of the goods taken by the sheriff in the attachment proceedings. The court, in instructing the jury to find for the defendant, said :

"The court directs this verdict for the reason that the matter has been adjudicated heretofore by a final judgment rendered in this court and is *res judicata*, and for the further reason that the court is of the opinion from the evidence in this case that possession was not taken of the property on which Mr. Bishop claimed a mortgage ; that, the mortgage not having been recorded, it would be void as against attachment creditors."

It was the judgment of the court below that the overruling of the motion to discharge the property and the order of the court applying the proceeds of the sale of said property to the judgment of the Bittman-Todd Grocer Company over the objection of Samuel Bishop were a final adjudication of the rights of Bishop under his mortgage.

If this were an open question in Kansas we could not assent to it. An attachment is merely an ancillary proceeding growing out of the original action, and any orders made concerning the property are only interlocutory, in the disposition of which there is never that fulness of investigation to which one is entitled where the judgment is to become final. The applicant is not entitled to a trial by jury or allowed any of the other formalities guaranteed to a litigant in an action where his property rights are to be finally determined. Such motions are summarily disposed of upon affidavits and other evidence secured without an opportunity for cross-examination, and without any

formality as to pleadings, and are not intended to reach further than the present *status* of the litigation demands.

This question was settled in Kansas as long ago as the decision in *Benz v. Hines & Tarr*, 3 Kan. 390, 89 Am. Dec. 594. The court, in speaking of *res judicata*, said:

"The doctrine of *res adjudicata* is not applicable, generally, to motions in the course of practice, except, perhaps, as to any other application on the same state of facts for a similar order."

The principle announced there has been followed by this court since that time, and has been applied to motions to vacate attachments or discharge attached property in the following cases: *Watson v. Jackson*, 24 Kan. 442; *Stapleton v. Orr*, 43 id. 170, 23 Pac. 109; *National Bank v. Barkalow*, 53 id. 68, 35 Pac. 796; *McDonald v. Symns*, 64 id. 529, 67 Pac. 1111; *Frazer v. Barry*, 4 Kan. App. 33, 45 Pac. 724.

The second ground upon which the court based its instruction was one of fact. There was considerable material testimony produced by the plaintiff tending to sustain his contention that he was in the actual possession of this property under his chattel mortgage when the sheriff took possession, and that the sheriff took the property secured by his mortgage. This was purely a question of fact, and, with the view we have taken of the law, that the plaintiff may prosecute this action, notwithstanding the proceedings had in the case of the Bittman-Todd Grocer Company, this question of fact should have been submitted to the jury.

The judgment of the court below is reversed and the cause remanded for trial.

All the Justices concurring.