### E. J. GRUBEL v. HENRY BUSCHE.

No. 14,872   (91 Pac. 73.)

SALES—*Authority of Agent—Replevin by Principal—Estoppel.*
The plaintiff owned a horse, which was in the possession of an agent, who was to sell it. Plaintiff agreed that the agent might deliver the horse to defendant, who was to use it and who was a prospective purchaser. Without plaintiff's knowledge the agent sold the horse to defendant, who paid no cash but merely surrendered to the agent the latter's note, which defendant held. Plaintiff brought replevin, and it was said that under the facts he was not estopped to assert ownership of the animal.

Error from Wyandotte district court; J. McCABE MOORE, judge. First opinion filed February 9, 1907. Affirmed. Rehearing granted March 14, 1907. Second opinion filed July 5, 1907. Reversed.

*Nathan Cree,* for plaintiff in error.
*Getty & Hutchings,* for defendant in error.

*Per Curiam:* This is an action of replevin, brought by E. J. Grubel against Henry Busche to recover possession of a horse. Defendant had judgment below, and plaintiff alleges error.

Busche made the defense that he purchased the horse in good faith from one Dysert, who represented himself to be the owner and had possession. Plaintiff furnished the money with which Dysert bought the horse in the first place, and had a written contract with Dysert by which they were to carry on the business of buying and selling horses. On the trial plaintiff testified that Dysert had possession as his agent, and with his consent delivered the horse to defendant, under an arrangement by which defendant, as plaintiff believed, was to board the horse for its use. Defendant contended that plaintiff had held Dysert out to the world as the owner of the horse by giving him the possession, control and apparent right of disposal; that he had bought it from Dysert and paid for it believing that Dysert was the owner, and relying upon plaintiff's conduct; that plaintiff was estopped by his acts and conduct to claim the horse afterward.

The principal contention here is that the court erred in instructing the jury to the effect that, though plaintiff owned the horse, if by his acts, statements or silence he permitted Dysert to appear as the owner, with authority to dispose of it, and defendant, induced by the statements, acts or silence of the plaintiff so to believe, relied thereon, and bought the horse in good faith, plaintiff was estopped. It is argued that there was no evidence upon which to base this and another similar instruction in which the words "allowed or permitted" were used to characterize the conduct of plaintiff. Without going into a review of the evidence, it is enough to say that we think there was some evidence upon which to base these and the other instructions complained of. It appears that Busche, the defendant, and Grubel, the plaintiff, have

been intimate friends for years; that Busche drove the horse for two months after the time he claims to have bought it, and plaintiff saw him frequently with it and made no objection or claim of ownership. Both parties testified and each flatly contradicted the other about conversations concerning the horse and Dysert's relations with plaintiff and their knowledge of what he had done and had authority to do. The merits of the case rest almost wholly upon the weight and credibility of the evidence, much of which is circumstantial. Two juries, one before a justice of the peace and the other in the district court, have found the facts in favor of defendant.

The judgment is affirmed.

---

## OPINION ON REHEARING.
### (91 Pac. 73.)

*Per Curiam:* On rehearing our attention has been specially called to the absence of any testimony showing that at and prior to the sale of the horse Grubel by his acts estopped himself from asserting ownership. It appears from the evidence to be undisputed that Grubel was the owner and Dysert his agent to sell the horse. It was agreed between Grubel and Dysert that the horse should be placed in the possession of Busche, who was to use it, and who might buy it. Therefore, the fact that Grubel frequently saw Busche in the possession of the horse could not of itself estop Grubel; and if, as it appears, he never learned of the sale until months after it was consummated his acts then could not estop him, because Busche did not purchase on the strength of what Grubel said or did after the sale, and was not prejudiced thereby. Moreover, an agent with authority to sell has only the implied power to sell for cash, and it is undisputed that Busche paid no cash but merely surrendered to the agent, Dysert, a note which he held against Dysert. It is well settled that a sale

under such circumstances passes no title as against the owner.

"Where an agent, as such, having a general authority to sell, transfers his principal's goods to a third party in payment of his (the agent's) debt, the principal may, as a general rule, recover from the third party the goods so transferred, or the value thereof." (1 A. & E. Encycl. of L. 1174. See, also, 2 Mechem, Sales, § 1455.)

It was said in *Barnard et al. v. Campbell et al.*, 55 N. Y. 456, 14 Am. Rep. 289:

"Two things must concur to create an estoppel by which an owner is prevented from asserting title to, and is deprived of, his property by the act of a third person without his assent: (1) The owner must have clothed the person assuming to dispose of the property with the apparent title to, or authority to dispose of, it. (2) The person alleging the estoppel must have acted and parted with value upon the faith of such apparent ownership or authority, so that he will be the loser if the appearances to which he trusted are not real." (Syllabus.)

The instructions complained of were not based upon the evidence, and, besides, ignored the principle of law applying to a case where the purchaser in dealing with an agent parts with nothing of value but merely exchanges for the property of the principal the agent's own debt.

The cause is reversed and remanded for another trial.