May L. Parker et al., *Appellees,* v. Julia A. McLain, as executrix, etc., *Appellant.*

No. 17,772.

SYLLABUS BY THE COURT.

Attachment — *Trial of Title — Fraudulent Conveyance — Evidence.* Where real estate standing in the name of one person is attached as the property of another, upon a trial of the question of the true ownership the attaching creditor should be allowed considerable latitude in the examination of his debtor; but where the case is tried without a jury a judgment will not be reversed because of limitations placed by the court upon the inquiry, where there is no probability that the admission of the rejected evidence would have resulted in a different decision.

Appeal from Wyandotte district court, division No. 2. Opinion filed February 8, 1913. Affirmed.

*Thurmond & Farrar,* of Kansas City, Mo., and *Keplinger & Trickett,* of Kansas City, for the appellant.

*I. O. Pickering,* of Olathe, for the appellees.

The opinion of the court was delivered by

Mason, J.: Carey McLain obtained a judgment in Missouri against M. V. B. Parker. He sued upon it in Johnson county, Kansas, attaching real estate there and elsewhere, including a tract in Wyandotte county. The plaintiff died and the action was revived in the name of his executrix. May L. Parker and Effie E. Parker moved to discharge the Wyandotte county land from the attachment on the ground that it belonged to them. The motion was overruled. Later they brought an action in Wyandotte county against the executrix, asking to quiet title to the land. They recovered judgment and the defendant appeals.

There is nothing to show that in the Johnson county

42—88 Kan.

court any trial was had of the ownership of the Wyandotte county land other than the summary hearing usual where a motion is made by a stranger to discharge attached property. In such case the motion is denied unless the ownership of the claimant is demonstrated beyond substantial question, and the ruling is not regarded as an adjudication of title. (*Grocer Co. v. Alleman*, 81 Kan. 543, 900, 106 Pac. 460, 997, 27 L. R. A., n. s., 620, 135 Am. St. Rep. 398.)

The judgment here appealed from was rendered upon oral evidence as well as depositions. A fair question of fact was presented and the decision of the trial court is final.

Complaint is made that the scope of inquiry was unduly limited. The plaintiffs introduced in evidence a deed to them from M. V. B. Parker and wife, covering the property in controversy, executed February 3, 1892, and recorded the 4th of the following April. One of the plaintiffs (Effie E. Parker) testified to their ownership and was cross-examined at considerable length. The defendant then offered the record of the evidence given at the hearing on the motion in Johnson county. This was rejected except as to the deposition of May L. Parker. This ruling is complained of, but can not be reviewed, for nothing is shown as to the contents of the rejected record, except that it included a deposition of the wife of M. V. B. Parker, taken by the plaintiff. It is not shown that May L. Parker or Effie E. Parker were notified of, or were represented at, the taking of this deposition. It would have been admissible against them in the hearing on the motion as an affidavit, so that its admission there does not throw light upon the matter. It was offered only as a part of the entire evidence given in the Johnson county hearing, evidently on the theory that its use in one proceeding rendered it competent in the other. It had little direct relation to the particular matter in controversy. Its rejection can not be regarded as ma-

terial error.   The defendant's attorney next called
M. V. B. Parker to the stand and began his examina-
tion by asking what property he had and if he had any
real estate in his own name.   The court regarded this
as an attempt to use the proceeding as one in aid of
execution and for that reason sustained objections to
the questions.   A list previously made by the witness
of property owned by himself and his wife at various
times was introduced in evidence.   Several schedules,
including those for 1883 and for 1903, showed the land
in controversy.   On motion of the plaintiffs the court
struck out all entries prior to May, 1893, the date of
the first transactions between Carey McLain and M. V.
B. Parker out of which the original litigation grew.
The examination of the witness was also confined to
matters subsequent to that date.   These rulings are
complained of.   It can not be thought that the decision
of the court could have been changed by the retention
of the evidence which had been stricken out after hav-
ing been once considered.   The matter of Parker's
method of handling property and of doing business was
quite fully gone into.   Enough evidence was admitted
to exhibit in considerable detail the basis of the claim
made by the defendant.   The court had some discretion
in controlling the examination, and we can not say that
this discretion was abused, or that if all the rejected
evidence had been admitted there is any probability
whatever that a different conclusion would have been
reached.

The judgment is affirmed.