THE WESTERN GROCER COMPANY, *Appellant,* v. P. B.
ALLEMAN (Defendant) and V. MAY ALLEMAN (In-
terpleader), *Appellees.*

No. 18,337.

HEADNOTE BY THE REPORTER.

EVIDENCE — *Verdict — Findings of Fact — Conclusive.* Where
there is ample evidence to sustain the general verdict and the
special findings of fact this court will not retry the facts
and reach conclusions contrary to those drawn by the jury
and approved by the trial court.

Appeal from Miami district court. Opinion filed
July 5, 1913. Affirmed.

*George W. Littick,* of Kansas City, for the appellant.
*David F. Carson,* of Kansas City, for the appellees.

*Per Curiam:* This is the second appeal which the
plaintiff has taken from a judgment in favor of the
interpleader, V. May Alleman. The case was tried
originally before the court upon a motion to dissolve the
plaintiff's attachment and the interplea, and the evi-
dence consisted almost wholly of affidavits. The judg-
ment was reversed and the cause remanded for a full
trial in the regular way upon formal pleadings. (*Grocer
Co. v. Alleman,* 81 Kan. 543, 106 Pac. 460.) Such a
trial has been had before a jury, with the same result
as before.

There are fifteen assignments of error and ten of
them go to the sufficiency of the evidence to support
the verdict. These assignments of error are argued as
they would be to a jury. The court is asked to regard
witnesses as unworthy of credence, to disbelieve oral
testimony, to hold that certain evidence overcomes
other evidence, and in a word to retry the case and
reach conclusions contrary to those drawn by the
jury and approved by the trial judge. There is ample

evidence to sustain the general verdict and the special findings of fact if the testimony favorable to the interpleader be believed. The jury believed it and that ends the controversy over the facts.

With the facts found against the plaintiff there is no substantial question of law to be discussed. The essential facts are that Mrs. Alleman loaned her husband $1500 on his promissory note. The money was hers. Even if he gave it to her he was not at the time indebted to anybody and consequently nobody can complain. With this money Alleman started a grocery store and the plaintiff extended him credit. Later a mercantile agency secured a financial statement of the business from Mrs. Alleman in which she did not mention her husband's debt to her, but the credit which the plaintiff makes the basis of its suit was not extended on the faith of this statement. (Special finding No. 19.) Consequently the question of estoppel goes out of the case. Alleman became embarrassed financially and preferred his wife by trading the store for a farm which was to be deeded to her. In concluding the trade a deed was made to him, which he refused to accept, and then the deed to her, as he had originally directed, was executed, delivered, and accepted. Consequently title to the farm never vested in Alleman. Mrs. Alleman was not cognizant at the time of her husband's financial condition, and the trade was made to pay her and not to defraud Alleman's other creditors. The value of the farm, above the mortgages upon it, did not exceed the amount of her claim. The statement referred to in finding No. 22 was true because when it was made Alleman had paid his wife.

It is useless for the plaintiff to deride the testimony by which these facts were established as absurd, ridiculous, and beyond the pale of reason. The jury and the trial judge saw the witnesses and heard the evidence. The court stated plainly in its instructions to the jury the circumstances under which the plaintiff could re-

cover and those under which the interpleader could re-
cover and then approved the verdict and special find-
ings. There is no error in the instructions, which
adequately covered the case. The special findings are
not inconsistent with each other or with the general
verdict. The plaintiff was simply beaten on the facts
in a contest conducted according to law before the trier
of the facts and this court can not interfere.

The judgment of the district court is affirmed.