Harnish v. Barzen.

---

No. 21,423.

A. R. HARNISH, *Appellee,* v. JACOB BARZEN, *Appellant,* et al.

SYLLABUS BY THE COURT.

1. DEED—*Procured by Fraud— Subsequent Purchaser—Security for Debt.* A defrauded vendor may recover the real estate conveyed, from a grantee of the vendee who took title from the vendee merely as security for a preëxisting debt.

2. DECREE—*Motion to Modify Stricken from Files—Res Judicata.* One who succeeded in having stricken from the files a motion to modify a decree made by one not a party to the suit, on the ground that the decree did not bind the mover, cannot afterwards assert that the decree is *res judicata* against the mover.

3. TRIAL—*No Prejudicial Error.* The proceedings examined, and held to be free from prejudicial error.

Appeal from Pawnee district court; ALBERT S. FOULKS,
judge. Opinion filed May 11, 1918. Affirmed.

*W. H. Vernon, sr., J. S. Vernon,* both of Larned, and *Gerson
B. Silverman,* of Kansas City, Mo., for the appellant.

*W. H. Vernon, jr., G. W. Finney, Roscoe Peterson,* all of
Larned, *Wilhelm Heidelberger,* and *James M. Houston,* both of
Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a defrauded vendor to set
aside a conveyance of real estate, prosecuted against a grantee
of the vendee. The plaintiff recovered, and the defendant ap-
peals.

The complete story, involving altitudinous flights in high
finance, wholesale forgery, bankruptcy, and suicide of the spot-
light actor, might well form the subject of melodrama. The
controlling facts, however, are few and simple, and the narra-
tive will be confined to them.

Theodor Peltzer traded for the plaintiff's farm, giving in
exchange an apartment house in Kansas City, Mo., the title to
which was held for him by another. An incumbrance on the
apartment house was to be released. Peltzer manipulated a
fraudulent release, the incumbrance was afterwards foreclosed,
and the plaintiff lost the property he should have received for
his farm. The defendant purchased real-estate securities from
Peltzer. He discovered that certain of them were forgeries,
and called Peltzer to account. Peltzer admitted his guilt, and
deeded to the defendant several farms, one of them being the
farm fraudulently obtained from the plaintiff.

The plaintiff's right to recover was predicated on two allega-
tions of fact: first, that the defendant took title with notice of
Peltzer's fraud, and second, that the defendant was not a pur-
chaser for value, but stood in Peltzer's shoes because the con-
veyance to the defendant was accepted as security for a pre-
existing debt. The defendant claimed he was a purchaser for
value, without notice of Peltzer's fraud, and pleaded *res judi-
cata.* The cause was tried by the court and a jury called in an
advisory capacity. The jury returned findings of fact. The
court adopted some of the jury's findings, and made other find-

ings covering the remaining issues of fact. The only facts really in dispute, material to a determination of the controversy, were whether or not the defendant purchased with notice of Peltzer's fraud, and whether or not he purchased for a new consideration given when the deed was accepted. Both facts were found in the plaintiff's favor. Either one authorized judgment for the plaintiff, and it will be sufficient to consider the one last mentioned.

Soon after Peltzer's suicide the defendant's testimony was taken in a bankruptcy proceeding. He was examined at great length, and his testimony was clear and positive to the effect that the farms were taken as security only, and that if the obligations which he held were discharged, the farms would go back to Peltzer's estate. Before the trial of the present action the defendant's deposition was taken, and he then interpolated a consideration for the deeds which would constitute him owner of the farms. The court believed the testimony first given, when the facts were fresh in the defendant's mind and he was not under stress of menacing litigation. The earlier version of the transaction was corroborated, too, by the testimony of the defendant's attorney and counselor, given in the bankruptcy proceeding, and by a letter written by the attorney concerning the revenue stamps necessary to the deed from Peltzer to the defendant. The proof was undisputed that the attorney had full comprehension and charge of the business concerning which he was writing, and the statement was pertinent to such business. It reads as follows:

"The previous deed sent you needs only a fifty cent revenue stamp, because this last mentioned deed has been given to Mr. Barzen as additional security for a loan, for moneys loaned to Theodor Peltzer over a year ago. There has been no consideration at this time, passing between Peltzer and Barzen, as Mr. Barzen requested that Mr. Peltzer give him the deed as additional security for previous indebtedness."

The legal principles governing the controversy were discussed in the cases of *Henderson v. Gibbs,* 39 Kan. 679, 18 Pac. 926, and *Grocer Co. v. Alleman,* 81 Kan. 543, 106 Pac. 460. In the Henderson case the court said:

"Where the second purchaser has taken the property only in payment or part payment of a preëxisting debt, and has not paid or parted with or surrendered anything of value in consideration therefor, he takes

nothing but the fraudulent vendee's title, and the original owner may rescind his contract with his fraudulent vendee and retake the property." (p. 687.)

The defense of *res judicata* was not established. In certain litigation, which it is not necessary to describe, between parties interested in the Peltzer wreck, a compromise was effected, and a decree of the United States district court for the western district of Missouri was entered, confirming and in compliance with the compromise. The decree declared the present defendant to be the absolute owner in fee simple of the property now in controversy. The present plaintiff was not a party to the suit. After the decree was entered the plaintiff moved that the declaration referred to be eliminated. The defendant moved that the plaintiff's motion be stricken from the files. The grounds of the motion to strike from the files were that the plaintiff was not a party to the suit, and that because he was not a party his rights were not affected, and he was in no manner barred, denied, or estopped from pursuing any legal right or remedy he might claim in an independent suit against the defendant concerning the property. This motion was allowed, and the plaintiff's motion was stricken from the files. It seems the defendant regarded it as important to keep the plaintiff out of the federal court case, and, having prevented the plaintiff from obtaining an adjudication of his motion on the very ground that the decree did not adjudicate anything against the plaintiff, the defendant cannot now be heard to say otherwise.

There is nothing else of importance in the case. Much complaint is made because a jury was called, of the conduct of certain jurors, and of the findings of the jury. The practice in such cases is too well settled to need restatement here. The judgment rests on findings for which the court was responsible. Complaint is made that witnesses testified to personal transactions with Peltzer, who were not competent to do so. In the course of the examination of the person who held title for Peltzer, some testimony of this character crept into her deposition. All objectionable testimony, however, and considerable more, might be stricken from the record without affecting the result, and the presumption is the court disregarded all improper evidence in making its findings. The

claim of laches on the part of the plaintiff, not pleaded but raised in the defendant's brief, is not supported by the evidence. Certain conclusions which the defendant draws from evidence on which it is plain the court did not rely, need not be considered.

The judgment of the district court is affirmed.