No. 32,533

FANNIE MILLHEISLER, *Appellee*, v. GEORGE LAMB, *Appellee*, C. E. SOLTER, *Appellant*.

(53 P. 2d 829)

Opinion filed January 26, 1936.

*Morris H. Cundiff*, of Wichita, for the appellant.

*John B. Bryant* and *B. Mack Bryant*, both of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action by a landlord, Fannie Millheisler, to recover a money judgment against her tenant, George Lamb, for $300, which was the agreed annual cash rent of plaintiff's farm.

The tenant sold the wheat crop to C. E. Solter without paying the rent. The wheat had not been delivered, and the plaintiff attached it to insure the efficacy of her lien as landlord.

The action was begun in the city court of Wichita. Solter, purchaser of the wheat crop, moved to release the attachment. This motion was overruled.

Issues were then joined in the city court on plaintiff's bill of particulars, defendant's answer and counterclaim, and plaintiff's reply. In the tenant's answer and counterclaim he had set up various items for which he claimed credits—kafir, threshing bill, pasture rent, etc., totaling $319.90. He prayed judgment for $169.90 and other relief.

The cause was tried and judgment was entered in favor of the plaintiff landlord against the defendant tenant for $72.10, and it was also adjudged that plaintiff had a landlord's lien on the undelivered wheat the tenant had sold to Solter.

Plaintiff appealed to the district court as the code provides. Later she filed an amended and supplemental reply to defendant's answer and counterclaim, in which she set up various items of money owed to her by the tenant on account of cash loaned to him and for oats, corn, and forage supplied to him, and for miscellaneous items of damage, aggregating $484, in addition to her claim for $300 cash rent pleaded in her first bill of particulars.

The cause was tried before a jury which returned a verdict in favor of plaintiff for $300, and judgment was entered accordingly. In the course of the trial in the district court, Solter filed a motion to release the attachment and discharge the writ issued out of the city court. This motion was denied on the specific ground that it—

"Was a matter which had been ruled on by the city court in this cause and that no appeal had been taken therefrom and that said matter could not be raised under the aforesaid motion [in the district court] . . . therefore the motion . . . of C. E. Solter . . . for the release and discharge of the attachment . . . should be . . . denied."

Judgment was entered accordingly, and Solter appeals, contending that since the issues between plaintiff and defendant were enlarged in the district court so as to include various items of cross-claims and counterclaims of plaintiff and defendant, the original action lost its distinct character as one to enforce a landlord's lien, and that the judgment rendered in the principal cause was not specifically for the unpaid rent, and consequently the landlord's lien on the attached wheat faded entirely out of the case.

Counsel for the appellee scarcely attempt to meet this contention. They merely suggest that the matter of dissolving the attachment was decided against Solter in the city court, and that it is *res adjudicata* since "he took no appeal."

We think this point oversimplifies the appellant's well-founded grievance against the net result. At the time his motion to release the attachment was filed in the city court the principal cause had not been tried. If he had filed no motion of any sort in the city court, the plaintiff's right to a landlord's lien on the wheat would not have been conclusively adjudicated in that court. Moreover, plaintiff was not content to abide the judgment of the city court. She appealed therefrom. She could not have the benefit of a landlord's lien when she appealed from the judgment which awarded her the sum of $72.10. If she had accepted that judgment it might have supported a landlord's lien on the wheat purchased by Solter for

that amount. But when she appealed and enlarged the issues of her lawsuit against her tenant, the landlord's claim to a lien faded out of sight; and there was no finding of the jury that the amount of their verdict (which merely chanced to be for $300) was intended to be a finding that they regarded all the other items and cross-items of plaintiff and defendant as entirely without foundation; and that they were rendering their verdict in plaintiff's favor for the claimed rent and for nothing else. No special questions were submitted to the jury, and their general verdict would not justify such an inference. Consequently the plaintiff's claim to a landlord's lien on Solter's wheat must fail. The fact that the city court denied his motion to dissolve the attachment was quite proper, no doubt, when that ruling was made. It is elementary law, however, that the propriety of an attachment eventually depends upon the final adjudication of the attaching creditor's claim of right thereto. In *Bishop v. Smith,* 66 Kan. 621, 72 Pac. 220, it was said:

"An attachment is merely an ancillary proceeding growing out of the original action, and any orders made concerning the property are only interlocutory, in the disposition of which there is never that fullness of investigation to which one is entitled where the judgment is to become final. The applicant is not entitled to a trial by jury or allowed any of the other formalities guaranteed to a litigant in an action where his property rights are to be finally determined. Such motions are summarily disposed of upon affidavits and other evidence secured without an opportunity for cross-examination, and without any formality as to pleadings, and are not intended to reach further than the present status of the litigation demands." (p. 623.)

It ought to be readily understandable that if the main action fails, the incidental right to attach fails, and the attachment evaporates.

Counsel for appellee direct attention to R. S. 1933 Supp. 61-1002a, which gives an intermediate appeal from an order of a justice of the peace (and a city court is substantially of that character) which overrules a motion to dissolve an attachment. That provision of statute does not foreclose the right of appellant. Indeed in this case an intermediate appeal would have been ill-advised, since at the time the city court denied his motion the principal cause had not been tried, and it could not then have been ascertained whether plaintiff would successfully maintain her cause of action against her tenant or not.

The judgment of the district court is reversed, and the cause remanded with instructions to dissolve the attachment and to enter judgment in favor of C. E. Solter.

It is so ordered.