### GREAT FALLS NAT. BANK et al. v. McCLURE.†

(Circuit Court of Appeals, Ninth Circuit. February 7, 1910.)

#### No. 1,717.

1. ESTOPPEL (§ 3*)—MATTER OF RECORD—ALLEGATIONS IN PLEADINGS.

An allegation in a bill in equity that defendant had attached and levied upon "all the property of every kind and character" owned by a corporation estops the complainant to claim in subsequent litigation between the same parties that certain property of the corporation was not covered by such levy and a sale made thereunder.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 2–5, 7; Dec. Dig. § 3.*]

2. ATTACHMENT (§ 183*)—LIEN—MERGER IN JUDGMENT.

Under Rev. Codes Mont. § 6807, which provides that judgments of the district courts shall be liens on all of the real property of the judgment debtor for six years after their rendition, the lien of an attachment is merged in that of the judgment recovered in the action, which continues and may be enforced by execution and levy against any of the realty of the defendant, whether covered by the attachment or not, at any time within six years, but not afterward; and such statute also applies to judgments of federal courts within the state, by virtue of Act Aug. 1, 1888, c. 729, § 1, 25 Stat. 357 (U. S. Comp. St. 1901, p. 701), which provides that such judgments shall be liens throughout the state in the same manner and to the same extent as those of the state courts of general jurisdiction.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 183.*]

Appeal from the Circuit Court of the United States for the District of Montana.

Suit in equity by Charles D. McClure against the Great Falls National Bank, the American Engineering Works, and Ed Hogan, Sheriff of Cascade County, Mont. Decree for complainant, and defendants appeal. Affirmed.

Clayberg & Horsky and A. C. Gormley, for appellants.

Ira T. Wight and C. E. Pew, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This cause was heard and disposed of in the court below upon the pleadings of the parties, resulting in the sustaining of the complainant's demurrer to the defendants' cross-bill and the awarding to the complainant of the injunction sought by his bill.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied March 11, 1910.

The bill of the complainant, who is the appellee here, alleged in effect, among other things, that on December 14, 1901, he commenced an action in the court below against the Diamond R Mining Company to recover judgment for certain moneys advanced by him to that company, in which action he procured a writ of attachment, under which the marshal duly levied upon all of the personal and real property of the Diamond R Mining Company, the same being situate in Cascade county, Mont., in which action he recovered judgment on the 16th day of January, 1902, for $86,180 and costs in the sum of $53.30; that in February, 1902, the defendant Great Falls National Bank recovered a money judgment in the district court of the Eighth judicial district of the state of Montana, in and for the county of Cascade, in an action therein pending in which that bank was plaintiff and the Diamond R Mining Company was defendant, and that on the 17th of December, 1901, the defendant American Engineering Works recovered in the same court a similar judgment against the same mining company; that on the 10th day of January, 1907, the complainant caused to be issued out of the court below a writ of execution upon the judgment so recovered by him, which writ directed the marshal of the court to levy upon and sell all of the property of the Diamond R Mining Company found in the district of Montana, and to apply the proceeds thereof, or so much as might be necessary, to the satisfaction of the complainant's judgment, with interest and costs, in pursuance of which writ of execution the marshal duly levied upon all of the property, both real and personal, of the mining company, all of which was situated in Cascade county, and that, after giving due and legal notice of the sale of the personal property, the same was sold to the complainant, he being the highest and best bidder therefor, and that on the 26th day of February, 1907, the marshal, having theretofore given due and legal notice of sale in the manner required by the laws of Montana and by the rules of the court below, sold all of the real property of the mining company so levied upon to the complainant, he being the highest and best bidder therefor, on which day the marshal duly executed to the complainant his certificate of sale of the said real property so sold to the complainant, a copy of which is annexed to the bill; that, no redemption of the property so sold having been made within one year, the marshal on the 27th day of February, 1908, duly executed to the complainant his deed of the said real property in due form, and that the complainant remains the owner and in possession thereof; that on the 25th day of February, 1907, the defendant Great Falls National Bank filed in the court below its bill of complaint against the complainant in the present action, Charles D. McClure, the Diamond R Mining Company, and A. W. Merrifield, United States marshal for the district of Montana, a copy of which bill is annexed to and made a part of the bill in the present suit, upon which bill the bank sought to obtain a decree adjudging that McClure "waived, abandoned, and lost" whatever lien he may have had or claimed upon the property of the mining company, by reason of his laches and unreasonable delay in enforcing his judgment, and also, in view of certain alleged frauds upon McClure's part, prayed that his aforesaid judgment be decreed to be void as to the bank, that the writ of execution issued thereon be recalled,

and that the defendants to the bill be enjoined from selling or dispos-
ing of any of the property of the mining company under that writ of
execution. The trial court sustained McClure's demurrer to that bill
filed by the Great Falls National Bank, and dismissed it, and, the case
being brought here, we affirmed that judgment. Great Falls National
Bank v. McClure et al., 161 Fed. 56, 88 C. C. A. 220. A similar bill
to that brought by the bank was brought in the court below at the
same time by the American Engineering Works against the same de-
fendants, with a like result.

The bill in the present suit alleges that on or about the 7th of No-
vember, 1908, the Great Falls National Bank caused a writ of execu-
tion to be issued upon the aforesaid judgment recovered by it in the
state court, and delivered to the sheriff of Cascade county, directing
him to levy upon and sell any property of the Diamond R Mining Com-
pany found in that county to satisfy its judgment, and that at the same
time the American Engineering Works caused a similar execution to
be issued upon its aforesaid judgment recovered in the state court, with
like directions to the sheriff. The bill in the present suit then alleges:

"That said defendants American Engineering Works and Great Falls Na-
tional Bank, conspiring together to harass your orator and to defraud and de-
prive him of his said property, and ignoring and disregarding the decrees and
orders and process of this honorable court, and well knowing that said prop-
erty was then and there and still is the property of your orator, directed and
procured said sheriff to levy or make a pretended levy upon and sell certain of
said mining property described in said Exhibit A, and so belonging to your
orator, including said ore bins, tramway, blacksmith shop, and portion of said
power house described in said Exhibit A, and certain other of the fixtures and
appurtenances of said mining property so transferred to and owned by your
orator as hereinbefore fully set forth; that on the 20th day of November, 1908,
said sheriff made a pretended sale of said property under said writs of execu-
tion to one R. S. Ford, for and on behalf of said Great Falls National Bank;
that said defendant Ed Hogan, as such sheriff as aforesaid, has given notice,
by posting and by publication, that he will sell the Equator quartz lode mining
claim at public auction on the 4th day of December, 1908, at the city of Great
Falls, Mont., under and by virtue of said writ of execution aforesaid; that said
defendants will, unless restrained by your honors, sell said Equator quartz
lode mining claim (said mining claim being a part of the real property de-
scribed in Exhibit A hereto attached), and will seize and remove said fixtures
and appurtenances so pretended to be sold on November 20, 1908, as aforesaid,
thereby greatly injuring the said property of your orator and casting a cloud
upon the title of your orator to said mining property, all to the great and irrep-
arable loss and injury of your orator."

The contention on the part of the appellants is that the Equator
quartz lode mining claim, which they admit was owned by the Diamond
R Mining Company, was not levied upon under the writ of attachment
issued in the suit of McClure against the mining company, and was
never sold by the marshal under the execution issued in that action,
and was never conveyed by his deed to McClure. The marshal's cer-
tificate of sale expressly states that it was so sold, and his deed to Mc-
Clure, made in pursuance of the certificate and sale, purports to con-
vey among other properties sold, the Equator quartz lode mining claim.
This is not questioned by the amended answer or the cross-bill. It is
true that in those pleadings it is alleged that the sheriff's certificate of
sale and deed are void as to the Equator claim for the reason that it was
not covered by the writ of attachment issued in the action of McClure

against the mining company, and was not in fact sold by the marshal under the execution issued in that action. But the bill in the present case shows that the bank expressly alleged in its former bill that the Diamond R Mining Company had no other property than that covered by the attachment issued and levied in the action of McClure against the mining company, and also alleged, in express terms, that McClure, in his aforesaid action, levied upon and attached "all the property, of every kind and character, belonging to the said defendant Diamond R. Mining Company," and, further, that in the aforesaid action of the bank against the mining company, the sheriff of Cascade county, Mont., levied upon "all and singular the same and identical real estate and appurtenances aforesaid, including the concentrator building, power house, and all other buildings situated upon and appertaining to said real estate."

Those allegations, being at the time verified and remaining unexplained, preclude the bank from now relying upon contrary allegations. "Any confession or admission made in pleading in a court of record, whether it be express, or implied from pleading over without a traverse, will forever preclude the party from afterwards contesting the same fact in any subsequent suit with his adversary." Bouvier, Law Dictionary (11th Ed.) "Estoppel by Matter of Record."

Section 6807 of the Revised Codes of Montana, in force at the times here in question, provides that judgments of the district court of the state become a lien upon all of the real property of the judgment debtor within the county from the date of its docketing, and that such lien continues for six years. Whatever lien the Great Falls National Bank may have acquired on the Equator quartz lode mining claim by virtue of the writ of attachment issued in its action against the Diamond R Mining Company became merged in its judgment entered February 12, 1902, and, by virtue of the Montana statute cited, expired February 12, 1908. Regardless of any attachment lien in McClure's favor, his judgment became a lien on all of the real property of the mining company by virtue of the United States statute (Act Aug. 1, 1888, c. 729, § 1, 25 Stat. 357, 4 Fed. St. Ann. 5 [U. S. Comp. St. 1901, p. 701]), and the sale under that judgment passed the title of the judgment debtor to the purchaser.

The judgment is affirmed.