SAMSON SCOTT, Appellant, v. WARREN W. SCOTT, Appellee.

**Negotiable instruments:** PLEADINGS: ESTOPPEL. Where plaintiff sued
1 upon a negotiable instrument as a contract of the foreign state in which it was executed, he was estopped to contend in argument that it was a contract of this state.

**Same:** LIMITATIONS: PRESUMPTION. In the absence of a showing to
2 the contrary, the statute of a foreign state limiting a right of action upon a promissory note will be presumed to be the same as that of this state.

*Appeal from Winneshiek District Court.*—HON. A. N. HOB-SON, Judge.

SATURDAY, NOVEMBER 22, 1913.

ACTION upon a promissory note. The defendant pleaded the statute of limitations as a defense. There was a trial to the court without a jury. There was a judgment for the defendant, and the plaintiff appeals.—*Affirmed.*

*E. W. Cutting,* for appellant.

*M. A. Harmon,* for appellee.

EVANS, J.—The note sued on was as follows: "Cando, Dakota, November 10, 1889. One year (without grace) after date I promise to pay to the order of Samson Scott $200 (two hundred dollars) at the Towner County Bank, Cando, Dakota, value received. This note bears interest at the rate of

twelve per cent. from date. P. O. Cando, N. Dak. Warren W. Scott.'' Payments were indorsed upon the note to the amount of $180. The petition prayed for a balance due of $356.

The defendant pleaded that the note was executed in North Dakota and that he was a resident of such state at the time of its execution. He pleaded also that under the statute of limitations of North Dakota such note was barred within six years after it became due and that he continued to reside in North Dakota for more than six years after such date. He also pleaded that he thereafter in 1898 became a resident of the state of California and continued as such resident ever since; that by the statute of limitations of such state action on such note would be barred within four years. He pleaded further that, because action on such note was barred in North Dakota and in California, it was also barred in Iowa by the provisions of secton 3452, which is as follows: ''When a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter; but his action shall not apply to causes of action arising within the state.'' To meet the plea of the statute of limitations the plaintiff took the position that the note sued on was an Iowa contract and not a North Dakota contract, and that the cause of action thereon arose within this state.

It is undisputed that the note in question was actually signed in North Dakota by the defendant and that he was a resident of North Dakota at that time. The parties are brothers. The plaintiff testified as a witness that the defendant sent him the note by mail to Iowa with a request for a loan for such amount. The plaintiff then resided in Iowa. He also testified in substance that in compliance with such request he sent a draft for such amount. The testimony of the parties is in conflict as to the circumstances attending the loan. There appears to have been an attempt on the part of the plaintiff

to bring the facts within the case of *Moran v. Moran,* 144 Iowa, 451. In so far as there was conflict in the testimony at this point, the trial court found with the defendant and found that the note was a North Dakota contract. ' Indeed, the plaintiff himself testified that he sent the draft, not to the defendant, but to another brother who delivered it to the defendant in North Dakota after procuring possession of a mortgage which was given to secure the same.

Because of another feature of the case we do not deem it necessary to deal with the circumstances under which the note was made as bearing upon the question whether it was a North Dakota contract. If the defendant's evidence be accepted, it was clearly such. It will be noted that the note bears twelve per cent. interest. The plaintiff sued upon it and prayed for judgment, with interest at the rate of twelve per cent. In justification of such demand he pleaded that the specified rate of interest was lawful in North Dakota where the note was executed. That is to say, he sued upon it expressly as a North Dakota contract. He never withdrew these allegations nor amended his petition at this point nor reduced his prayer for judgment. Manifestly, therefore, the plaintiff is in no position to contend in argument that the note was an Iowa contract.

1. NEGOTIABLE INSTRUMENTS: pleadings: estoppel.

If the note was not an Iowa contract, then concededly an action thereon would be barred in this state by the provisions of section 3452 of the Code, whenever barred under the laws either of North Dakota or of California. It is contended by appellant that it was not barred under the laws of North Dakota because the statute was tolled by partial payments; the last one being in 1893. We need not pass upon this question because action on the note was undoubtedly barred by the laws of California, where the plaintiff lived from 1898 to the time of bringing this action, which was March 13, 1911. The defendant pleaded the statute of California under which the action would bar there in four years.

2. SAME: limitations: presumption.

The plaintiff calls our attention to the insufficiency of defendant's proof at this point. The defendant introduced in evidence only the particular paragraph upon which he relied. For want of appropriate context, it does not appear from such paragraph that it is a part of the statute of limitations. The meagerness of the offer is subject to criticism. The defendant, however, purported to offer the same as a part of the California statute on that subject, which he had fully and specifically pleaded. No objection was made to the offer, nor does it appear that any question was made in the court below as to its sufficiency.

If we should now ignore such paragraph of the statute so introduced, it would only leave the record silent as to the period of limitation in California. In that state of the record, we must presume the law of California to be the same as that of Iowa. So presuming, action would be barred in California within ten years. From either point of view, therefore, the action was barred in California.

The judgment of the district court is therefore *Affirmed*.

WEAVER, C. J., and LADD and PRESTON, JJ., concur.