## SUDDETH v. COLLINS.

ATKINSON, J. C., being the holder of a written option on certain land given by H., to be exercised within a stated time, made a sale of the land to S., and received from him certain mules as part payment of the purchase-price and a note for the balance, and executed to S. a bond for title, binding himself on payment of the note to convey to S. a good and sufficient title. C. failed to comply with the terms of the option, and did not put himself in position to convey title in terms of the bond. After the option expired, S. instituted an action against C. for the value of the mules. The option and bond for title were both set out in the petition; and it was alleged in the petition, as amended, that, in making the sale to S., C. was acting as agent for H., who was owner of the land and had remained in possession. *Held*, that, the allegations as to C. having acted in a fiduciary capacity remaining in the petition, S. will not be heard to say that C. did not contract with him in a fiduciary capacity. *Trust Company of Georgia* v. *Wallace*, 143 *Ga.* 214 (84 S. E. 538). Under these circumstances H. was a necessary party to the action.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 11, 1916.

Complaint. Before Judge Patterson. Forsyth superior court. August 28, 1914.

*Louis E. Wisdom* and *J. P. Brooke,* for plaintiff.

*C. L. Harris* and *George F. Gober,* for defendant.