HASSBERGER v. GENERAL BUILDERS' SUPPLY CO.

1. JUDGMENT—RES JUDICATA.
   The defense of *res judicata* is not available unless there has been an adjudication, a judgment or decree, a complete record.

2. ESTOPPEL—JUDICIAL ADMISSION CONCLUSIVE ON SECOND TRIAL.
   Where defendant, in a suit for specific performance, claimed that no valid contract existed between it and plaintiff, and said suit was discontinued, it was estopped from claiming later, in an action in assumpsit against it to recover the money paid under said alleged contract, that it was valid and enforceable, its admission in the former suit being a judicial one and conclusive upon it in the second trial.

3. ASSUMPSIT—PLEADING—SPECIAL COUNT NOT RELIED ON NOT BAR TO RECOVERY ON COMMON COUNTS.
   Plaintiff was not precluded from recovering on the common counts because of a special count set out in his declaration, upon which he did not ask to recover.

Error to Wayne; Goff (John H.), J. Submitted January 14, 1921. (Docket No. 55.) Decided March 30, 1921. Rehearing denied July 19, 1921.

Assumpsit by Ernest Hassberger against the General Builders' Supply Company for money had and received. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Daniel P. Cassidy* and *John G. Cross*, for appellant.

*Munro & Powell* (*Leo F. Covey*, of counsel), for appellee.

On December 18, 1916, defendant gave one Donlin a 15-day option on certain real estate situated in Detroit. This option was transferred to plaintiff; how

formally it was assigned does not appear. Shortly after its expiration plaintiff and defendant entered into an agreement with reference to taking sand from the premises. Plaintiff expected to be away during the winter and left the matter with his son who from time to time advanced money to defendant upon the option. Three thousand seven hundred fifty dollars all told was paid defendant. In the spring of 1917 tender was made of the balance of the down payment and upon defendant's refusal to execute the proper papers a bill for specific performance was filed. Defendant appeared in said suit, and, by answer and motion to dismiss in the nature of demurrer, insisted for many reasons that it was not bound by the option; that it was unenforceable and void. Plaintiff's counsel, after considering the matter, conceded that defendant's position was well taken and dismissed the bill and brought this action to recover the money paid. In this action defendant attempted to change its front and insisted that the option was enforceable, that it was bound by its terms, and that it was ready and willing to carry out the contract. The trial judge declined to permit this defense to be made, and, in his charge directing a verdict for plaintiff, said:

"There has been introduced here in this trial undisputed and undisputable evidence, that at a time prior to the bringing of this suit by plaintiff another suit was instituted before this court in chancery by the plaintiff in which he sought to obtain a decree for specific performance of an alleged contract in pursuance of which said plaintiff had paid over to this defendant the sums of money which are sought to be recovered here, and it has further been shown here that the defendant in said prior suit also alleged in his answer filed in said suit that there had never been nor was there then any contract between these parties for the sale and purchase of the premises in question, that the writing here introduced as Exhibit 'A' in that suit and as Exhibit '1' in this trial was a mere option sub-

sisting by its own terms for fifteen (15) days only, and that it had never been accepted by the plaintiff. And on this stand taken by the defendant in that case the plaintiff thereupon discontinued that suit.

"I understand it to be an approved doctrine of the law governing this court that, 'where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law.' This defendant cannot, therefore, after having expressly and unequivocally denied the existence of a valid and enforceable contract between these parties with reference to this property and after the plaintiff, on the strength of such denial, has dismissed his said suit and sought the remedy consistent with the state of facts set up by the defendant, now come before this court and say that there was and is a valid contract subsisting between these parties and rest his defense on the legal effect of such contract now alleged but heretofore denied."

FELLOWS, J. (*after stating the facts*). Defendant here urges that the trial court was in error in not permitting it to make the defense attempted in this case; that it is not estopped from making it, and it is particularly stressed that the former case did not proceed to final decree, which it is insisted is essential to make available the doctrine of estoppel. Authority will be found tending to sustain defendant's contention. See *Shepard* v. *Pratt*, 32 Iowa, 296; *Lindsay* v. *Dutton*, 227 Pa. 208 (75 Atl. 1096); *Beeson* v. *Shively*, 28 Kan. 574; *Thompson* v. *Currier*, 70 N. H. 259 (47 Atl. 76). But it must be borne in mind that *res adjudicata*, estoppel by judgment, is not here relied upon by plaintiff. Manifestly if *res adjudicata*, estoppel by record, is invoked there must be an adjudication, a judgment or decree, a complete record. What plaintiff insisted

upon and what the court held was that defendant was estopped by his conduct, not by a former adjudication, by insisting in the former case that the contract was void to the disadvantage and expense to plaintiff, not by a final decree in that case. We think the distinction is clear. One may be estopped by his conduct, by his acts; and we are not persuaded that he is immune from the application of the doctrine of estoppel because such conduct or acts on his part occurred in judicial proceedings where the other elements of estoppel are present. Illustrative of this is the recent case of *Millitello* v. *B. F. Roden Grocery Co.*, 190 Ala. 675 (67 South. 420). The grocery company had commenced suit naming Jim Millitello as defendant. The process was served upon V. Millitello, who appeared, but on his counsel being assured that the case was not one against his client made no defense. After judgment it was sought to collect by levy on the property of V. Millitello and it was insisted that he was the same person as Jim Millitello. The court held that the doctrine of estoppel was applicable. Our own recent case of *Weiss* v. *Stein*, 209 Mich. 482, will be discussed presently.

Mr. Justice Somerville, speaking for the court in *Caldwell* v. *Smith*, 77 Ala. 157, said:

"It was anciently said, that estoppels were odious, because they stopped or closed one's mouth from alleging the truth. Co. Litt. 352a. But, in modern times, the doctrine has certainly lost its odium, and may now be regarded as one of the 'most important, useful, and just agencies of the law.' Bigelow on Estop. 44. It has its origin in moral duty and public policy; and its chief purpose is the promotion of common honesty, and the prevention of fraud. Where a fact has been asserted, or an admission made, through which an advantage has been derived from another, or upon the faith of which another has been induced to act to his prejudice, so that a denial of such assertion or admission would be a breach of good faith, the law precludes

the party from repudiating such representation, or afterwards denying the truth of such admission. 1 Greenl. Ev. (14th Ed.) §§ 27, 207. So a party who either obtains or defeats a judgment, by pleading or representing anything in one respect, is generally held to be estopped from giving the same thing another aspect, in a suit founded upon the same subject-matter."

And the same court in *Jones* v. *McPhillips*, 82 Ala. 102 (2 South. 468), said:

"The conduct of causes in court, and the results thereby attained, have sometimes been held as working an estoppel *in pais*, precluding the party, who thereby obtained a decision in his favor, from afterwards disputing or controverting the truth of the ground on which he had achieved his former success. Such cases combine all the elements of estoppel set forth above. To allow a party who succeeds in defeating one action on a seeming state of facts, though false, to shift his ground and defeat a second action by disproving the truth of his first defense would be to sanction the grossest abuse and fraud."

The court of appeals of Virginia in *Norfolk, etc., R. Co.* v. *Turnpike Co.*, 111 Va. 131 (68 S. E. 346, Ann. Cas. 1912A, 239), said:

"We think that the appellant is estopped from relying upon any of the grounds named for a reversal of the order complained of. It not only claims under the proceedings in which the receivers who instituted this proceeding were authorized to institute it, but after its purchase in that case, in order to prevent the appellees from subjecting the deed of trust property in the State court, as they clearly had the right to do, but for the condemnation proceedings, it relied upon those proceedings and by means thereof procured the said injunction from the Federal court. To permit the appellant afterwards, when the appellees were asserting their rights in the condemnation case, to deny that the receivers who brought that proceeding had authority to institute it, or that their petition instituting it was sufficient, would be in violation of the well-settled

rule of law, that a litigant will not be allowed in a subsequent judicial proceeding to take a position in conflict with a position taken by him in a former judicial proceeding, which latter position is to the prejudice of the adverse party, where the parties are the same and the same questions are involved."

In *Harnish* v. *Barzen,* 103 Kan. 61 (173 Pac. 4), the supreme court of that State had under consideration a somewhat similar question and it was said:

"The grounds of the motion to strike from the files were that the plaintiff was not a party to the suit, and that because he was not a party his rights were not affected, and was in no manner barred, denied, or estopped from pursuing any legal right or remedy he might claim in an independent suit against the defendant concerning the property. This motion was allowed, and the plaintiff's motion was stricken from the files. It seems the defendant regarded it as important to keep the plaintiff out of the Federal court case, and, having prevented the plaintiff from obtaining an adjudication of his motion on the very ground that the decree did not adjudicate anything against the plaintiff, the defendant cannot now be heard to say otherwise."

This court in the early case of *McQueen* v. *Gamble,* 33 Mich. 344, said:

"The defendant was not at liberty to claim the benefit of a contract he refused to regard and expressly repudiated, in order to turn the plaintiff out of court."

In the instant case plaintiff was put to extra expense in starting the present litigation. In the case of *Meister* v. *Birney,* 24 Mich. 435, it was said:

"Expenditures in litigation may as reasonably constitute the basis of an estoppel as any other expenditures; and in this case it is just and equitable that they be held to do so."

The case of *Weiss* v. *Stein, supra,* is upon principle controlling of the instant case. There one Goldsmith

had brought attachment proceedings against one Pierce, and the sheriff, defendant Stein, had levied upon two car loads of potatoes; plaintiff Weiss claiming to own the potatoes brought replevin. Goldsmith took upon himself the defense of the sheriff and claimed upon the trial that the potatoes belonged to him. This court held that he could not thus change his front, that his action in causing a levy to be made on the potatoes as the property of Pierce precluded him from making such defense, and that the court should have directed a verdict. We there quoted with approval from Ruling Case Law. It may be appropriate to again quote the rule from that authority:

"The rule that a party will not be allowed to maintain inconsistent positions in judicial proceedings is not strictly one of estoppel, partaking rather of positive rules of procedure based on manifest justice and, to a greater or less degree, on considerations of the orderliness, regularity, and expedition of litigation." 10 R. C. L. p. 698.

"It may be laid down as a general rule that a party will not be allowed in a subsequent judicial proceeding to take a position in conflict with a position taken by him in a former judicial proceeding, where the later position is to the prejudice of the adverse party, and the parties and the question involved are the same." 10 R. C. L. p. 702.

The following authorities will be found to sustain plaintiff's contention: *Robb* v. *Shephard*, 50 Mich. 189; *Ripley* v. *Priest*, 169 Mich. 383; *Great Western, etc., Refining Co.* v. *Evening News Ass'n*, 139 Mich. 55; *Grand Trunk, etc., R. Co.* v. *Fuller*, 205 Mich. 486; *Patek* v. *Ryskewiecz*, 189 Mich. 344; *Railway Co.* v. *McCarthy*, 96 U. S. 258; *Penn. R. R. Co.* v. *The John Anda Co.*, 131 Ill. App. 426; *Suddeth* v. *Collins*, 144 Ga. 496 (87 S. E. 656); *Hutchings* v. *Railway Co.*, 98 Kan. 225 (158 Pac. 62); *Scott* v. *Scott*, 162 Iowa, 261 (143 N. W. 1103); *Hutchins* v. *Hutchins*, 42 N. Y.

Supp. 601; *Great Falls Nat. Bank* v. *McClure,* 99 C. C. A. 562, 176 Fed. 208; *Norfolk Southern R. Co.* v. *Chatman,* 244 U. S. 276 (37 Sup. Ct. 499, L. R. A. 1917F, 1128) ; *Milliken & Farwell* v. *Roger,* 138 La. 823 (70 South. 848) ; 3 Eng. Ruling Cases, p. 327, note.

In *Connor* v. *Railway Co.,* 168 Mich. 29, this court held that where an admission was made by counsel upon the first trial it was a judicial admission, concluding the party on a second trial, and that he was estopped on the second trial from taking any position inconsistent with his first position. This was followed in *Johnston* v. *Cornelius,* 200 Mich. 209 (L. R. A. 1918D, 880) ; *Harrington* v. *Accident Ass'n,* 210 Mich. 327.

In the instant case defendant succeeded in defeating an action for specific performance on the ground that no valid contract existed between it and the plaintiff. If this was true, it held some $3,750 of plaintiff's money to which it had no right. For the purpose of defeating an action now brought to recover this money it changes front, and seeks to insist that there is a valid contract subsisting between it and plaintiff. It is fortunate for the due administration of justice that the rules of law will not permit this to be done.

What we have said disposes of the case and it becomes unnecessary to consider the other question raised except that it should be stated that plaintiff was not precluded from recovering upon the common counts because of the special count set out in his declaration and upon which he did not ask to recover.

The judgment will be affirmed.

STEERE, C. J., and MOORE, STONE, BIRD, and SHARPE, JJ., concurred. CLARK, J., did not sit.

The late Justice BROOKE took no part in this decision.