HENRY D. APPLETON and PERCIVAL E. NAGLE, as Sheriff of the County of New York, Plaintiffs, *v.* THE NATIONAL PARK BANK OF NEW YORK, Defendant.

Supreme Court, New York Special Term, January, 1924.

**Attachment — action to recover judgment debtor's balance in bank — defendant bank may not offset amount of note of judgment debtor not due on date of levy — when Debtor and Creditor Law, section 13, not applicable — when general execution does not destroy lien established by prior levy.**

In an action in aid of an attachment, brought by a judgment creditor and the sheriff to recover the judgment debtor's balance in bank, the defendant may not offset the amount of a note of the judgment debtor which was not due on the date of the levy under the warrant of attachment.

Section 13 of the Debtor and Creditor Law concerning setoff has no application to such a case.

While the issue by the judgment creditor of a general execution against the judgment debtor merged the attachment in the sense that no further levy could be made thereunder, it did not destroy the lien already established by prior levy of the warrant of attachment.

JUDGMENT CREDITOR's action to recover deposit made by judgment debtor.

*Stetson, Jennings & Russell (Theodore Kiendl, of counsel), for plaintiffs.*

*Doyle & Smith (Emmett F. Smith, of counsel), for defendant.*

PROSKAUER, J. This is an action in aid of an attachment by a judgment creditor and the sheriff to recover the balance of a deposit made by the judgment debtor in the defendant bank. The defendant claims an offset by reason of a note not yet due on the date of the levy under the warrant. Even assuming that the judgment debtor was insolvent on the day of the levy, there is no resort here to equitable jurisdiction. The complaint sets up a cause of action at law and the answer a purely legal defense. A bank has no legal right to offset against a depositor a note not yet matured. *Jordan* v. *Nat. Shoe & Leather Bank*, 74 N. Y. 467; *Smith* v. *Eighth Ward Bank*, 31 App. Div. 6; *Heidelbach* v. *Nat'l Park Bank*, 87 Hun, 117, 125, 126; *Wright* v. *Seaboard Steel & Manganese Corp.*, 272 Fed. Rep. 807, 810; *Fifth Nat. Bank of City of New York* v. *Lyttle*, 250 id. 361, 365.

The provisions of section 13 of the Debtor and Creditor Law concerning setoff relate solely to claims under an assignment for the benefit of creditors and have no application to this case.

Prior to the commencement of this action the judgment creditor issued a general execution against the debtor, which was returned unsatisfied. The bank claims that this waived the lien of the attachment. Authorities on this point are in inextricable confusion. In the latest case (*Castriotos* v. *Guaranty Trust Co.*, 229 N. Y. 74) the prevailing opinion was concurred in by two judges, two judges concurred in the result and two dissented. This opinion, considered in connection with the authorities therein cited and the statutory provisions themselves, points to the conclusion that issuance of a general execution merges the warrant of attachment in the sense that no further levy can be made thereunder, but does not destroy the lien established by prior levy. Motion granted.

Ordered accordingly.

After reargument, even on the assumption that the defense is pleaded as an equitable one, re-examination of the authorities confirms my conclusion that the defense is insufficient because equity allows a setoff on insolvency only if the claim of the party asserting the right has matured. *Matter of Hatch*, 155 N. Y. 401, 406; *De Camp* v. *Thomson*, 159 id. 444, 448, and cases cited in former opinion.

In *Littlefield* v. *Albany County Bank*, 97 N. Y. 581, 585, the claim, though unliquidated, was due.