## McGlinn's Estate

Before Stearne, Sinkler, Bolger, and Ladner, JJ.

*William C. Ferguson, Harold D. Saylor,* and *David Bortin,* for exceptants.

*Philip Werner Amram, Catharine A. Donahue, James P. McCormick,* and *John F. Headly,* contra.

STEARNE, J., March 25, 1938.—This is a petition to open and review an adjudication. Petitioner, a building and loan association, is a judgment creditor of a distributee. Decedent, by his will, erected a trust for the benefit of his son (distributee) *for life,* with remainder or corpus to others as therein stipulated. This distributee,

with others, executed a bond for $52,500 wherein petitioner is obligee. Petitioner entered judgment on the bond, and issued an attachment execution. The trustees of the estate were served as garnishees. The garnishees filed answers in which they admitted that they held $389.93 due defendant (distributee). Judgment was taken against the garnishees and paid. Subsequently the judgment against garnishees was satisfied of record. The trustees filed an account and the *corpus* of the share was distributed as the will directed. A sister of distributee subsequently died. Upon an accounting of the sister's share, this court, and ultimately the Supreme Court in McGlinn's Estate, 320 Pa. 389, decided that decedent's son (the distributee) possessed a vested estate in remainder therein. As the distributee had previously died, this share was awarded and paid to the distributee's executors, and has been accounted for in the Orphans' Court of Montgomery County. Adjudication and distribution is being withheld pending the outcome of these proceedings. The distributee's estate is insolvent. It is conceded that petitioner received no notice of the filing of the account or audit. Petitioner maintains that despite the taking of the judgment against the garnishees, and subsequent payment and satisfaction, the attachment against the garnishees still remains in full force and effect, and that petitioner, nevertheless, was entitled to notice of the filing of the account under section 46(c) of the Fiduciaries Act of June 7, 1917, P. L. 447. If such contention be correct, the ultimate effect is that petitioner will be paid in full, otherwise, petitioner will share pro rata, with the other creditors, in the distribution of the distributee's insolvent estate.

The master, to whom this proceeding was referred, in a most scholarly and comprehensive report, decided that the prayer of the petition is without merit and recommends that the same be dismissed.

Upon principle and authority an attachment execution under the Act of June 16, 1836, P. L. 755, is concluded and ended where the attaching creditor takes judgment against the garnishee, is paid the amount of the judgment, and satisfies the judgment of record. Apparently, there are no appellate decisions upon the question. The lower courts, however, have consistently so decided: Bradley v. Bradley, 3 Phila. 414 (1859).; Sweeting v. Wanamaker et al., 4 Dist. R. 245 (1895); Importers' & Traders' National Bank of N. Y. v. Lyons et al., 8 Dist. R. 675 (1899); Piper v. Acme Brewing Co., 1 Wash. Co. 188 (1920); Corbit Brothers Plumbing & Heating Co. v. Adams, etc., 20 Berks 96 (1927); Tiers et al. v. Woodruff, 16 Montg. 36 (1900).

To permit an attaching creditor to take judgment against a garnishee, and thereafter continue to serve interrogatories at will, which the garnishee is required to answer, is both irregular and unwarranted. The injustice of such procedure is strikingly illustrated in the case of Importers' & Traders' National Bank of N. Y. v. Lyons et al., supra. The late John G. Johnson, as attorney for the garnishee, successfully defeated this irregular procedure. Judge Beitler, following the decision of Judge Sharswood in Bradley v. Bradley, supra, and Judge Arnold in Sweeting v. Wanamaker et al., supra, denied such right. We are unanimously of opinion that, as to the garnishee, the satisfaction of the judgment against the garnishee ends the attachment proceeding.

That this is the correct conclusion appears apparent when the foreign attachment statutes are examined. Under sections 35-37 of the attachment execution Act of 1836, supra (now in question), the manner of attachment and the way in which the attached property is to be held is declared to be similar to the process in foreign attachment. In such proceeding it is unquestionably settled that the attachment merges in the judgment, and that but one judgment may be had against the same garnishee: 7 C. J. S. 436, §260; In re Forbes, 186 Fed. 79;

Great Falls National Bank et al. v. McClure, 176 Fed. 208; Appleton et al. v. The National Park Bank of N. Y., 122 Misc. 248, 202 N. Y. Supp. 516; Lynch, Admx., v. Crary et al., 52 N. Y. 181.

We are not persuaded by the learned counsel for petitioner that the foregoing decisions are "bad law", and that even when the Bradley case was decided by Judge Sharswood the law was "in a state of flux" toward liberalism in procedural matters. The analogy to judgments for the amount admitted to be due, in affidavits of defense, in assumpsit cases, with leave to proceed for the balance, does not aid petitioner, because this is permitted solely under specific enabling acts of assembly. There is no such remedy under the Act of 1836. Nor is what Mr. Justice Schaffer has written in Frazier et al., Execs., v. Berg et al., 306 Pa. 317, of assistance to petitioner. All that this case decided is that plaintiff is entitled to have included in the verdict all sums coming into the garnishee's hands *up to the date of trial* and is not restricted to the situation as of the date of answer.

As we have concluded that the satisfaction of the judgment against the garnishees was an end to the attachment proceeding, the question of notice to the petitioners, by the trustees, of the filing of the account, becomes purely academic and unimportant. The defendant (distributee) died just prior to the satisfaction of the judgment in question. Upon his death his estate passed into the hands of the law for administration and distribution. After death no attachment execution may be issued against the estate of a decedent: Strouse v. Lawrence, Admx., 160 Pa. 421; Stern & Co. v. Harrod et al., 90 Pa. Superior Ct. 327.

It would therefore appear futile to consider whether the attachment, even though defunct, constituted a written notice to the fiduciaries of petitioner's claim, requiring actual notice of the filing of the account under section 46 (*c*) of the Fiduciaries Act of 1917, supra, and the interpretation of that section of the statute by Downing,

Exec., v. Felheim et al., Execs., 309 Pa. 566. Even though, in the circumstances of this case, petitioner was entitled to such notice, which it was not, no harm came to it because of lack of notice. The attachment was ended by the satisfaction of the judgment; no new attachment could issue against the share of this distributee because he was deceased; all that petitioner could have done at the audit would have been to insist that the award be made to the distributee's estate, in order that petitioner could present its claim at the audit of that estate; petitioner could not have received any preference. The estate of the distributee is insolvent; because petitioner did not maintain a valid attachment against this asset in the *distributee's lifetime*, it may not do so after his decease. To open an adjudication, for such a useless object, is without equity or merit.

We affirm the findings of fact and conclusions of law of the learned master. We have made the order submitted by him, dismissing the petition, with costs.