Kelly, C.J.
(concurring). I concur in the order denying defendant’s application for leave to file an interlocutory appeal. Plaintiffs presented testimony that defendant’s claims specialist specifically told them that they had fully complied with the requirements of their insurance contract. They said she told them that there was nothing more they *1127 needed to do to preserve their rights. Such testimony is sufficient to create genuine issues of material fact about whether the statements were made and whether plaintiffs reasonably relied on them. Plaintiffs asserted that they relied on the statements by forgoing a suit against the underlying tortfeasors for three years. The insurance policy required plaintiffs to sue the tortfeasors before the expiration of the three-year statutory period.
If plaintiffs reasonably relied on defendant’s statements, defendant may appropriately be equitably estopped from asserting a statute of limitations defense as a basis for denying coverage. Moreover, defendant conceded that no provision in the contract explicitly required plaintiffs personally to sue the tortfeasors. Therefore, viewed in the light most favorable to the plaintiffs, they may have been justified in relying on the claims specialist’s alleged statements.
Equitable estoppel originated “in moral duty and public policy; and its chief purpose is the promotion of common honesty, and the prevention of fraud.”[1] The alleged facts raise questions about whether defendant’s behavior toward its insured here was honest. Defendant delayed its decision on plaintiffs’ claim, telling them that it would settle the claim when plaintiff Deborah Arnold’s condition “has reached maximum improvement verified by medical records.” However, defendant never did settle the claim, and plaintiffs brought suit. As soon as the limitations period expired, defendant moved for summary disposition of the lawsuit based on the statute of limitations defense.
I agree with the trial court that a jury reasonably could conclude that equitable estoppel should apply here. Therefore, I concur in the order denying leave to appeal.

 Hassberger v General Builders’ Supply Co, 213 Mich 489, 491 (1921).